**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 24-0036-ELG <br> ) <br> ) <br> ) <br> ) |
| BIRCHINGTON, LLC | |
| Debtor. | |

**MOTION TO LIFT THE AUTOMATIC STAY, OR IN THE
ALTERNATIVE, TO DISMISS INVOLUNTARY BANKRUPTCY CASE,
AND FOR SANCTIONS AGAINST PETITIONING CREDITORS**

COMES NOW SSHCOF II Washington DC, LLC ("SSHCOF") and respectfully moves to lift the automatic stay, or in the alternative, dismiss involuntary bankruptcy case, and for sanctions against the petitioning creditors, showing the Court as follows:

**INTRODUCTION**

This is the second time in less than a year that Debtor Birchington, LLC ("Debtor") and SSHCOF have been before this Court. After the approval of a settlement agreement between Debtor and SSHCOF and the dismissal of Debtor's prior case, Debtor defaulted under the parties' agreement, failing to pay taxes, failing to make payments to SSHCOF as and when due, and failing to pay its operating expenses and other debts as and when they became due. Hence, SSHCOF scheduled Debtor's property commonly known as the Holiday Inn Express, Washington, DC Downtown located at 317 K Street NW, Washington, DC (together with all property security the amounts owed by Debtor to SSHCOF , the "Property"), for a February 8, 2024 foreclosure.

On the eve of the foreclosure sale, two purported creditors of Debtor filed an involuntary petition, initiating the above-referenced case. In connection with Debtor's prior bankruptcy case,

1

Debtor agreed, and the Court ordered, that if Debtor filed a subsequent petition or was the subject of any future bankruptcy case, SSHCOF would be entitled to stay relief.

Additionally, the involuntary petition is improper and was filed in bad faith, as it does not contain the signatures of at least three creditors and the debt of one of the two petitioning creditors is listed as "unknown". As a result of the involuntary petition, SSHCOF has suffered and will continue to suffer significant damages in connection with and as a result of Debtor's new bankruptcy case. Accordingly, the Court should grant SSHCOF immediate relief from the automatic stay to allow SSHCOF to exercise its rights against Debtor's property, or in the alternative, dismiss the above-referenced case, and enter an order finding that the petitioning creditors are liable to SSHCOF for damages caused to SSHCOF.

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this bankruptcy case and this Motion are proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On February 20, 2023, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court, initiating Case No. 23-0057-ELG (the "First Bankruptcy Case").

4. On May 1, 2023, Debtor filed a Motion for Order Authorizing and Approving Settlement Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion", Case No. 23-0057-ELG, Doc. No. 97), seeking approval of a settlement agreement

between Debtor and SSHCOF (the "Settlement Agreement", Case No. 23-0057-ELG, Doc. No. 97-1).

5. The Settlement Agreement provided, among other things, for the dismissal of the First Bankruptcy Case and certain payments to be made by Debtor to SSHCOF.

6. In the Settlement Agreement, Debtor agreed that if Debtor files or is subject of a bankruptcy petition, "Lender shall be entitled to and [Debtor] irrevocably consent[s] to the relief from the automatic stay imposed by Section 362 of the Bankruptcy Code…." (Settlement Agreement, § 12(a)(i).)

7. On June 1, 2023, the Court entered its Order granting the 9019 Motion and approving the Settlement Agreement (the "9019 Order", Case No. 23-0057-ELG, Doc. No. 125).

8. On June 28, 2023, the Court entered its Order dismissing the First Bankruptcy Case. (Case No. 23-0057-ELG, Doc. No. 143.)

9. On November 15, 2023, Urgo Hotels, LLC ("Urgo"), the property manager of Debtor's hotel, sent a letter to Debtor providing notice that, despite Urgo's previous requests, Debtor had failed to remit required working capital in the amount of $2,400,000, which was required to fund operating expenses, taxes, debt service and other expenses necessary to ensure the uninterrupted and efficient operation of the hotel. Debtor's failure to provide the required working capital funds constitutes a default under the Hotel Management Agreement between Debtor and Urgo.

10. On December 6, 2023, SSHCOF notified Debtor that it was in default under the Settlement Agreement and loan documents executed by Debtor in favor of SSHCOF because (a) Borrower failed to pay and was unable to pay its debts as they become due, (b) Debtor failed to pay when due all property and bid taxes owed to the Office of Tax and Revenue for the District of

Columbia, and (c) Debtor failed to pay when due all sales taxes levied on Debtor's income. Debtor was notified that it had ten (10) days to cure the defaults. Debtor failed to timely cure its defaults.

11. On December 18, 2023, Debtor was notified that it was in default under the Settlement Agreement and loan documents because Debtor failed to pay SSHCOF the interest only payment due on December 15, 2023.

12. On December 19, 2023, Debtor was notified that, because it failed to timely cure its defaults, the Forbearance Period under the Settlement Agreement was terminated and demand was made for payment of all amounts owed under the loan documents and Settlement Agreement.

13. On December 21, 2023, SSHCOF notified Debtor of SSHCOF's intent to sell the Property at a February 8, 2024 foreclosure sale.

14. As of December 14, 2023, Debtor owed $79,880,677.55 to SSHCOF, with interest accruing thereafter at the *per diem* rate of $37,016.22. Since December 14, 2023, SSHCOF has advanced over $300,000 to fund operating expenses associated with operation of the Debtor's property, which amounts are secured by the Property. Debtor has not made any payments to SSHCOF since November 2023.

15. On February 7, 2024, Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine (collectively, "Welch") filed an Involuntary Petition against Debtor (the "Involuntary Petition", Doc. No. 1), initiating the above-referenced case. Welch Family Limited Partnership Four's debt is listed as "disputed guarantor" with a claim of "unknown." (*Id.*)

16. On February 8, 2024, minutes before the foreclosure sale was set to begin, SSHCOF was provided with a copy of the Involuntary Petition.

**JURISDICTION AND VENUE**

17. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

18. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## **ARGUMENT**

**A. SSHCOF is Entitled to Stay Relief Pursuant to Section 362(d)(2) and Because Debtor Previously Agreed to Relief from the Stay**

19. Section 362(d)(2) of the Bankruptcy Code provides that the Court shall grant relief from the stay against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization.

20. Courts enforce a prepetition waiver of the automatic stay contained in orders approving settlement agreements or confirming chapter 11 plans in prior cases. *See In re A. Hirsch Realty, LLC*, 583 B.R. 583, 601 (Bankr. D. Mass. 2018) (citing *In re Atrium High Point ltd. P'ship*, 189 B.R. 599 (Bankr. M.D. N.C. 1995)).

21. In the Settlement Agreement, which was approved by this Court, Debtor and SSHCOF agreed that SSHCOF would be entitled to stay relief with respect to the Property in the event Debtor filed a bankruptcy petition or became the subject of a future bankruptcy case. (*See* Settlement Agreement, § 12(a)(i).) Debtor further "irrevocably waive[d] any right to object to such relief and acknowledge[d] that no reorganization in bankruptcy is feasible." (*See id.*, § 12(a)(ii).)

22. The Court likewise ordered that if Debtor filed a voluntary petition, was the subject of an order for relief, or was the subject of any petition for reorganization, liquidation or similar relief, "Lender shall be entitled to and, as evidenced by each Obligor's signature on the Settlement Agreement, Obligors irrevocably consent to the relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, or otherwise, on or against the exercise of the rights and remedies

5

otherwise available to Lender . . . with respect to the Property and/or any other collateral securing the Loan Documents[.]" (9019 Order, ¶ 5(i).)

23. Because Debtor agreed to SSHCOF's right to stay relief with respect to the Property in exactly the scenario before the Court, waived any right to object to such relief and agreed that no reorganization was feasible, SSHCOF is entitled to immediate relief from the automatic stay to pursue all remedies available to it with respect to the Property.

**B. SSHCOF is Entitled to Stay Relief Pursuant to Section 362(d)(1)**

24. Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]"

25. A lack of adequate protection exists when, among other things, a debtor fails to make payments to a secured creditor, fails to pay expenses of the collateral such as taxes and insurance and where the secured creditor is required to make protective advances to cover such expenses. *See In re Bird*, Case No. 21-11271-TJC, 2022 WL 829105, at *3 (Bankr. D. Md. Feb. 18, 2022).

26. Here, Debtor's revenues are insufficient to pay expenses associated with operating the Property, requiring SSHCOF to make protective advances totaling over $300,000 since December 2023. Further, Debtor has failed to pay property and bid taxes and sales taxes as and when due. Debtor has also failed to make payments to SSHCOF as and when due, including the interest-only payment due in December 2023 and the final payment due December 31, 2023.

27. Accordingly, SSHCOF lacks adequate protection because Debtor has not and cannot make adequate protection payments to SSHCOF and cannot operate and maintain the

6

Property without significant advances from SSHCOF. Therefore, the Court should grant SSHCOF immediate relief from the automatic stay under Section 362(d)(1).

### C. The Case Should Be Dismissed Because the Involuntary Petition is Deficient

28. Pursuant to Section 303(b)(1), if a debtor has 13 or more creditors, an involuntary petition can only be filed by three or more creditors whose claims are not contingent as to liability or the subject of a bona fide dispute as to liability or amount.

29. In the First Bankruptcy Case, Debtor included 58 unsecured creditors on its schedules. (*See* Case No. 23-0057-ELG, Doc. No. 66.) Further, upon information and belief, Debtor, an operating hotel, has more than 13 creditors.

30. Here, the Involuntary Petition was filed by only two creditors, one of whom listed its claim as a "disputed guaranty" with an "unknown" claim amount.

31. The Involuntary Petition is deficient on its face as it does not have the support of at least three creditors whose debt is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. It should, therefore, be dismissed as an improper filing. *See In re Green Meadows Golf Club, Inc.*, No. 23-10764, 2023 WL 8642204, at *1 (Bankr. S.D. Ga. Nov. 21, 2023) (dismissing involuntary case filed by a single creditor when alleged debtor had more than 12 creditors); *In re Park Place Development Primary, LLC*, 2021 WL 2072976, at *10 (Bankr. D. Del. Nov. 2, 2021) (dismissing involuntary bankruptcy case, in part, because petitioners' "claims" were secured or subject to bona fide dispute).

### D. Welch is Liable for SSHCOF's Damages Under Section 303(i)(2)

32. Pursuant to Section 303(i)(2), the "court may grant judgment…against any petition that filed the petition in bad faith, for…any damages proximately caused by such filing; or punitive

7

damages." *See also In re Beltway Law Group, LLC*, Case No. 14-00380, 2015 WL 4456217, at *3 (Bankr. D.D.C. July 20, 2025).

33. Filing an involuntary bankruptcy petition to stop a foreclosure sale can be evidence of bad faith. *See Strange v. Columbia Natl'l Bank*, Case No. 94 C 4073, 1998 WL 736698, at *4 (N.D. Ill. Oct. 13, 1998). In *Strange*, the alleged debtor owned real estate with a first lien in favor of the bank and a second lien in favor of a third party. *Id.* at *1. When the property failed to generate enough revenue to pay the alleged debtor's expenses, the bank initiated foreclosure proceedings. *Id*. Thereafter, the alleged debtor and bank entered into a settlement agreement providing for a foreclosure in the event of a default by the alleged debtor. *Id*. The alleged debtor defaulted, and the bank again initiated foreclosure proceedings. *Id*. Two hours before the foreclosure sale, the petitioning creditor, a junior lienholder, filed an involuntary bankruptcy case against the alleged debtor. *Id*. at *2. The court found that, because the petitioning creditor had full knowledge of the settlement agreement and because the involuntary petition was filed in an effort to delay the foreclosure, the petitioning creditor and its attorney were liable to the bank for sanctions. *Id*. at *4.

34. Here, the Settlement Agreement between the Debtor and SSHCOF and the Court's 9019 Order are public knowledge, as they were filed in the First Bankruptcy Case. Similar to *Strange*, the Settlement Agreement provides that SSHCOF may foreclose on the Property in an event of default. It is without dispute that Debtor is in default under the Settlement Agreement for failing to make payments as and when due beginning December 2023, failing to pay taxes and failing to adequately maintain the Property, which in turn caused SSHCOF to make protective advances of over $300,000 in a period of less than two months.

35. On the eve of the foreclosure sale, Welch filed the Involuntary Petition, despite the fact that it did not have the required three creditors and one of the petitioning creditor's claims is listed as disputed, and therefore does not qualify as a valid claim for purposes of Section 303(b).

36. Like in *Strange*, SSHCOF was provided notice of the involuntary petition mere minutes before the foreclosure sale was to begin. Thus, Welch acted in bad faith by filing a deficient involuntary petition with the sole purpose of delaying the foreclosure sale in complete disregard for Debtor's public acknowledgement that it does not have a feasible chance of reorganization. (*See* Settlement Agreement, § 12(a)(ii).)

37. As a result of Welch's bad faith filing, SSHCOF has incurred significant damages, including but not limited to attorneys' fees in connection with this case and fees associated with both the cancelled foreclosure sale and any future foreclosure proceedings initiated after this case is dismissed or relief from the stay is granted. Accordingly, pursuant to Section 303(i)(2), the Court should award damages to SSHCOF.

## **CONCLUSION**

WHEREFORE, SSHCOF respectfully requests that the Court grant the following relief:

(a) That, pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and the 9019 Order previously entered by this Court, SSHCOF be granted immediate relief from the automatic stay and be permitted to exercise all rights and remedies that SSHCOF has or may have against Debtor or its assets, including the right to collect, repossess, and secure the Property, and conduct a foreclosure sale of the Property or otherwise exercise its rights and remedies under the loan documents and/or applicable law, and to take any actions or send any notices in connection therewith in pursuing the Property;

(b) That, pursuant to 11 U.S.C. § 303(b), the Court dismiss the above-referenced case;

(c) That, pursuant to 11 U.S.C. § 303(i)(2), the Court enter an order finding Welch liable for SSHCOF's damages, including attorneys' fees and other expenses incurred or to be incurred in connection with this bankruptcy case and the foreclosure sale;

(d) That the ten-day stay of an order on this motion found in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived; and

(e) That the Court grant SSHCOF such other and further relief as is just and proper.

This 9th day of February 2024.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

*/s/ Jessica Rodriguez*
**Jessica Rodriguez, Esq.**
DC Bar No. 1024134
Jrodriguez@mmmlaw.com
**MORRIS, MANNING & MARTIN, LLP**
1333 New Hampshire Avenue, NW, Suite 800
Washington, D.C. 20036
Phone: (202) 408-5153
Fax: (202) 408-5146

*/s/ Lisa Wolgast*
**Lisa Wolgast, Esq.** (Pro Hac Forthcoming)
Georgia Bar No.: 773399
lwolgast@mmmlaw.com
**MORRIS, MANNING & MARTIN, LLP**
1600 Atlanta Financial Center
3343 Peachtree Rd, NE
Atlanta, GA 30326
Phone: (404) 233-7000
Fax: (404) 365-9532

*Attorneys for SSHCOF II Washington DC, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| BIRCHINGTON, LLC | ) |
|  | ) Case No. 24-0036-ELG |
| Debtor. | ) |
|  | ) |

## CERTIFICATE OF SERVICE

     I hereby certify that on this day, I filed a true and correct copy of the foregoing document with the United States Bankruptcy Court for the District of Columbia using the Court's CM/ECF system, which will serve notice of such filing to all counsel of record and that it was sent via U.S. Mail to the following:

Todd Lewis
Kitsune Lyon PLC
1007 N. Federal Highway, Suite 2005
Fort Lauderdale, Florida 33304

Birchington, LLC
4710 14th St., NW, Suite 200
Washington, D.C. 20011

U.S. Trustee for Region Four
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

John D. Burns
The Burns Law Firm, LLC
6305 Ivy Lane, Suite 340
Greenbelt, Maryland 20770

Welch Family Limited Partnership Four
Welch Family Limited Partnership Nine
Kenneth J. Welch
910 M Street NW, Suite 1130
Washington, DC 20001

     Dated: February 9, 2024.

                                                    */s/ Lisa Wolgast*
                                                  Lisa Wolgast, Esq. (Pro Hac Forthcoming)