## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| | ) | Case No.: 24-0036 |
| Birchington, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### WELCH FAMILY LIMITED PARTNERSHIP FOUR'S AND
### WELCH FAMILY LIMITED PARTNERSHIP NINE'S
### <u>OPPOSITION TO MOTION TO LIFT THE AUTOMATIC STAY</u>

Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine, creditors and parties-in-interest (collectively "WFLP"), by and through undersigned counsel and pursuant to 11 U.S.C. § 362, files this Opposition to Motion to Lift Automatic Stay, or on the Alternative, to Dismiss Involuntary Bankruptcy Case, and for Sanctions against Petitioning Creditors (the "Motion") filed by Movant, SSHCOF II Washington, DC, LLC (the "Movant"), and in support thereof states as follows:

1.    Admit.

2.    Admit.

3.    The Petition referenced in ¶ 3 speaks for itself.

4.    The Motion and Settlement Agreement referenced in ¶ 4 speak for themselves. WFLP is not a party to the Settlement Agreement.

5.    The Settlement Agreement referenced in ¶ 5 speaks for itself.

6.    The Settlement Agreement referenced in ¶ 6 speaks for itself.

7.    The Order referenced in ¶ 7 speaks for itself.

8.    The Order referenced in ¶ 8 speaks for itself.

9.      The letter referenced in ¶ 9 speaks for itself.

10.     The notice referenced in ¶ 10 speaks for itself.

11.     The notice referenced in ¶ 11 speaks for itself.

12.     The notice referenced in ¶ 12 speaks for itself.

13.     The notice referenced in ¶ 13 speaks for itself.

14.     Denied.

15.     The Involuntary Petition speaks for itself.

16.     WFLP admits that Movant was provided a copy of the Involuntary Petition.

17.     Admit.

18.     Admit.

19.     Paragraph 19 contains a conclusion of law to which no response is required. Further responding, WFLP avers that there is equity in the hotel and the hotel is necessary for an effective reorganization.

20.     Paragraph 20 contains a conclusion of law.  Further responding, while Courts have enforced pre-petition waivers of the automatic stay, such waivers are not *per se* enforceable, and the waivers are not self-executing.  See in re Desai, 282 B.R. 527, 531 (Bank. M.D. Ga. 2002).  In deciding whether to enforce a pre-petition waiver, Courts should evaluate the following: 1) the sophistication of the party making the waiver; 2) the consideration for the waiver, including the length of time the waiver covers; 3) whether other parties including unsecured creditors and junior lien holders are affected; and 4) the feasibility of the debtor's plan.  *Id*. (Citations omitted).

Given these factors, the Court should not enforce the agreement.  Other creditors would negatively be impacted if the Movant is allowed to move forward with the foreclosure sale.  The Debtor would cease operating and there likely would be no funds available to pay unsecured creditors. A foreclosure sale would likely bring a significantly reduced price which would be avoided by a sale by the Debtor or through a Chapter 11 Plan.  Creditors were not involved in the negotiation of the settlement agreement and did not agree that the reorganization was not feasible.  This early in the case, the Court cannot make that determination.  Further, the agreement was executed almost a year ago and financial conditions have changed.  Additionally, WFLP and the petitioning creditors intend on filing a plan, which would provide for some return to unsecured creditors.

21.    The Settlement Agreement speaks for itself.  WFLP was not a party to the Agreement but would be negatively impacted should the Court enforce the agreement.

22.    The Order speaks for itself.

23.    Denied.

24.    Paragraph 24 contains a conclusion of law.

25.    Paragraph 25 contains a conclusion of law.  Further responding, the Debtor's alleged pre-petition defaults do not demonstrate a lack of adequate protection and Movant's attempt to use such pre-petition defaults to demonstrate a lack of adequate protection is not legally supported.

Movant filed this Motion two (2) days after the commencement of this case.  Therefore, allegations that the Debtor cannot provide adequate protection are premature at this time.

26.     WFLP denies that the Debtor cannot pay its operating expenses on a go forward basis.  Movant again tries to improperly use the Debtor's alleged pre-petition defaults to demonstrate a lack of adequate protection.  To date, no post-petition payments have come due.

27.     Denied.

28.     Paragraph 28 contains a conclusion of law.

29.     The schedules referenced in ¶ 29 speak for themselves.

30.     Any deficiency has been cured as a third (3rd) creditor has joined the petition.

31.     Denied.  Further responding, any deficiency has been cured as a third (3rd) creditor has joined the petition.

32.     Paragraph 32 contains a conclusion of law.

33.     WFLP denies that the involuntary petition was filed in bad faith.

34.     The Settlement Agreement speaks for itself.  WFLP is not a party to this agreement.

35.     Denied.

36.     Denied.

37.     Denied.  Further responding, section 303(i) applies only to the Debtor.  See 11 U.S.C. § 303(i); Vibe Micro, Inc. v SIG Capital, LLC, 921 F.3d 1193 (9th Cir. 2019).  Therefore, Movant is not entitled to an award of damages or fees since it is not the Debtor.

38.     All allegations not specifically admitted are denied.

Respectfully submitted,


\s\ Todd Lewis
Kitsune Lyon, PLC
2200 Wilson Blvd., Suite 102-50
Arlington, Virginia 22201
Tel (202) 550-9898
Fax (202) 550-9898
todd.lewis@tllgpc.com

*Counsel for Welch Family Limited Partnership*
*Four and Welch Family Limited Partnership Nine*


**Certificate of Service**

I HEREBY CERTIFY that on the 28th day of February 2024, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing, Opposition to Motion to Lift Automatic Stay, or on the Alternative, to Dismiss Involuntary Bankruptcy Case, and for Sanctions against Petitioning Creditors, was served via ECF on:


\s\ Todd Lewis
Todd Lewis