# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re: ) ) ) Birchington, LLC, ) ) Debtor. ) ) | Case No.: 24-00036<br><br>Chapter 11 |

## EMERGENCY MOTION TO REIMPOSE STAY

**COME NOW** Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine, Petitioning Creditors (collectively "Welch"), by and through undersigned counsel and pursuant to 11 U.S.C. § 362, USCS Bankruptcy R 9023 USCS Fed Rules Civ Proc R 59 and 60 hereby files this motion to alter or vacate this honorable courts previous order granting relief from stay [Dkt. 61, 62] ("Relief Order") and to remand the state court action styled as Birchington, LLC, et. al., v. SSHCOF II Washington, DC LLC, et. al. in the District of Columbia Superior Court Case No.: 2024-CAB-2481 filed on April 22, 2024, ("State Court Case"), which was removed to the United States District Court for the District of Columbia Case No.: 24-cv-01193 on April 23, 2024 ("Removal Case")[1], and in support of its Motion states as follows:

On April 23, 2024, in the State Court Case, the Superior Court scheduled a motion for temporary restraining order hearing [to be heard at 2:30PM on April 24, 2024] to consider whether the foreclosure sale set by SSHCOF II Washington DC, LLC ("Peachtree") for April 25, 2024 at

---

[1] The District Court clerk noted that the notice of removal filed by Peachtree is defective on its face—" NOTICE OF NEW CASE ERROR regarding 1 Notice of Removal,. The following error(s) need correction: Noncompliance with LCvR 5.1(c). Please file a Notice of Errata stating the error and attach the corrected initiating pleading to include the name & full residence address of each party and file using the event Errata. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmw) (Entered: 04/24/2024)"

11am (the "Foreclosure Sale"), was proper and whether the Foreclosure Sale is warranted under the circumstances.[2] In contradiction of the Amended Motion to Dismiss, Peachtree filed a notice of removal on April 23, 2024, seeking to have the Bankruptcy Court take over jurisdiction of the State Court Case and filed the Removal Case.

At its most basic level the Removal Case is an attempt by Peachtree to limit Debtors ability to enforce its state law remedies, stop a valid and lawful attempt by Debtor to stop an invalid and illegal Foreclosure Sale and seeks to upend and essentially ask for injunctive relief by way of a notice of removal, when Peachtree was required to file an adversary proceeding (if it felt that the State Court Case should have been heard by the Bankruptcy Court) and chose not to because only a notice of removal would stop the TRO hearing dead in its tracks. Peachtree seeks to have the Foreclosure Sale as quickly as possible as opposed to marketing the Property at a market sale. Under the circumstances a judicial sale is warranted.

In this case, an appeal of the Relief Order was filed on March 25, 2024 [Dkt. 79] (the "Appeal") by Welch. The Appeal Court has not considered the appeal on its merits.  in any way The Appeal is a meritorious appeal of the Relief Order, wherein Welch intends to provide case precedent to support the conclusion that the Court improperly granted the Relief Order given the facts of the case. The Relief Order merely allowed Peachtree to pursue its state law collection remedies and was not a decision on the merits as to whether Peachtree's Foreclosure Sale was legal or proper. Peachtree's Removal Case was filed only to stop the TRO. Based upon the fact that the Relief Order was granted in favor of Peachtree the Removal Case calls into question whether the bankruptcy case should be dismissed.

---

[2] The motion for TRO is attached herewith along with the Complaint filed in the State Court Case and a copy of the docket setting the TRO hearing as Exhibit A.

Based upon the Relief Order which is pending on Appeal, the Debtor and Debtor representative, Habte Sequar, filed the State Court Case to enforce their state law remedies, specifically requesting that the State Court issue a TRO for the Foreclosure Sale and impose conditions on any foreclosure sale conducted by Peachtree.

Argument

The law gives ample power to the Federal trial judge to ensure that justice is done in causes pending before the Court. While according to due respect to the findings of the [court], [s]he should not hesitate to set aside [her] verdict and grant a new trial in any case where the ends of justice so require.³

A court can annul its previous ruling upon the demonstration of four things: (1) the new evidence, discovered post-trial, existed at the time of trial; (2) the party was excusably ignorant of the new evidence despite due diligence; (3) the new evidence is material and of a nature that it would likely lead to a different result; and (4) the evidence is not merely cumulative or impeaching.⁴ In addition to the foregoing "a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay."⁵ Welch submits that basis for annulling the Relief Order and imposing a temporary stay are warranted under the circumstances of the case at bar as the newly discovered evidence in the case at bar is provided in the State Court Case.

---

³ Aetna Casualty & Surety Co. v. Yeatts, 4th Cir., 122 F.2d 350.
⁴ James Wm. Moore, Moore's Federal Practice § 59.13[2][d][ii] (3rd ed. 1999); 11 [**32] Charles A. Wright et al., Federal Practice and Procedure § 2808 (2d ed. 1995); Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989); Western Reserve Oil and Gas Co., Ltd. v. Key Oil, Inc., 626 F. Supp. 948, 951-52 (S.D. W. Va. 1986); see Schultz v. Butcher, 24 F.3d 626, 631 (4th Cir. 1994).
⁵ Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); In re Rowe, 484 B.R. 667, 668 (Bankr. E.D. Va. 2012) (Mayer, J.).

Under Fed. R. Bankr. P. 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding. Rule 60(b)(2) permits a court to relieve a party from a final order for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(6) is a catch-all provision that provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. While the present circumstances warrant consideration of Welch's new request to impose stay, there is ample authority for the Court to vacate or modify its previous Relief Order given the facts of this case.

This Court has several options at its disposal as to how to consider Welch's' Motion. One avenue as referenced is for the Court to vacate or modify its previous Relief Order based upon the change in circumstances, which the circumstances of this case warrant. On its face the Removal Case was filed as a bald-faced attempt to thwart the TRO hearing set by the State Court Case, which renders Debtor with no ability to stop Peachtree's illegal Foreclosure Sale, given the time constraints of the circumstances. At a minimum the Foreclosure Sale should have 1.) been marketed nationwide, 2.) listed by a licensed commercial real estate broker, 3.) listed on the costar or a nationally recognized multiple list service and 4.) engaged in an aggressive marketing campaign to ensure that the Foreclosure Sale yields the highest market value at auction. In this case, Peachtree allowed no opportunity for, nationwide marketing, engaging a real estate broker, and allowing the property on any commercially acceptable forum for such a niche property worth in excess of $100,000,000 as per a recent appraisal.

As this Court is aware, Jaitin Desai testified on behalf of Peachtree, that Peachtree has the ability to own and operate the Property and is prepared and wants to purchase the Debtor's real

estate Property as its own and will purchase the Property at the Foreclosure Sale. Peachtree's intentions to purchase the Property at the Foreclosure Sale is why it stacked the deck against all parties in this case to ensure that there will be no equity for the Bankruptcy estate after the Foreclosure Sale and for Peachtree to receive a windfall for a below market purchase price of the Property.

By way of example as to how Peachtree has "stacked the deck" in this case it 1.) substituted its own legal counsel as Substitute Trustee[6] to be responsible for the Foreclosure Sale, 2.) listed a niche property for sale with only a 30 day notice, 3.) did not facilitate the debtor and creditors request to engage the services of a real estate broker, 4.) did not permit time to market the property in any reasonable way—despite the fact that there is equity in the Property. Peachtree's 30 day foreclosure notice helps to ensure that no bona fide purchaser will appear at the Foreclosure Sale capable of purchasing the Property for full market value and ensures that Peachtree's credit bid will be the winning bid at the Foreclosure Sale. This Court has acknowledged the Property is worth in excess of $100,000,000. The Notice of Foreclosure Sale indicates that the payoff at sale is approximately $84,000,000[7], which leaves approximately $16,000,000 in equity capable of distribution in the Bankruptcy estate for creditors if the Property is sold in an arm's length and legitimate manner.

Additionally, the Removal Case is inappropriate and should be remanded. The State Court Case raises only state law claims and remand is warranted. In a case involving only state-law claims, where even a single valid non-diverse cause of action exists, remand of the entire case is

---

[6] James Van Dorn ("Substitute Trustee") is listed as a Defendant in the State Court Case for breach of Fiduciary Duty among some of the several claims against Mr. Van Dorn.
[7] See Exhibit A—Notice of Foreclosure Sale.

appropriate.[8] Welch argues that the Amended Motion to Dismiss [Dkt. 86] filed by Peachtree is moot based upon its Removal Case and should be denied as a result.

Additionally, since this case will move to trial swiftly and efficiently, pursuant to the established procedures of the District of Columbia Superior Court State Court Case should have no detrimental effect on the administration of the pending bankruptcy case of Birchington. Further, a trial in the state court would constitute an economical use of judicial resources, since this Court cannot render a decision in this case but can only issue a recommendation to the District Court. By statute, a bankruptcy court has the power to "hear and determine" core matters but may only "hear" but not determine non-core matters. *See* 28 U.S.C. §§ 157(b)(1) & 157(c)(1). Where a bankruptcy court hears a non-core matter, it cannot enter final judgment in the matter and may only submit proposed findings of fact and conclusions of law to the district court, which must review those findings *de novo*.[9]

In addressing the issue of permissive abstention, many courts have employed a seven-factor test, first articulated by in Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co., 130 B.R. 405, 407 (S.D.N.Y. 1991).[10] The seven factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. In addition to these factors, some

---

[8] See *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.* (5th Cir. 2004) 390 F.3d 400, 411 [emphasizing that a single valid cause of action against a nondiverse defendant requires remand of the entire case]; *Christ v. Staples, Inc.* (C.D. Cal. Jan. 20, 2015, No. CV 14-07784 MMM JEMX) 2015 WL 248075, at *4 (citing *Gray*).
[9] *See id.; Humboldt Express, Inc. v. Wise Co.* (*In re Apex Express Corp.*), 190 F.3d 624, 630 (4th Cir. 1999).
[10] See, e.g., Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enters.), 222 B.R. 254, 257, 1998 U.S. Dist. LEXIS 10028, *6-7 (D. Md. 1998); Scherer v. Carroll, 150 B.R. 549, 552-53 (D. Vt. 1993).

courts have considered additional factors, including: (i) the possibility of inconsistent results; (ii) the economical use of judicial resources; and (iii) any expertise of the court where the action originated.[11] Almost all these factors weigh in favor of abstention.

First of all, state law issues do not merely predominate, they encompass all of the issues to be determined in the resolution of this case. As set forth above, the legal principles affecting the outcome of this case consist entirely of case law with regard to the Foreclosure Sale, and, to some extent, the requirements, and procedures with regard to such sales set forth in the District of Columbia Code. Furthermore, this case presents an issue that has not yet been addressed by the District of Columbia Court of Appeals.

This Court's Relief Order does not preclude reimposition of the stay pursuant to court's § 105 injunctive powers. [12]  The Court can reimpose the stay under the present circumstances.  At a minimum the Court should impose a temporary stay to stop the Foreclosure Sale, given the circumstances and impose conditions upon Peachtree on which it can engage in a Foreclosure Sale, specifically requiring proper marketing of the Property, engagement with a real estate broker, listing the property on a commercial real estate listing service, etc.  It is Welchs' understanding and the Debtor agrees to list the Property with a real estate professional in order to create equity for the creditors.  Debtor representative Habte Sequar has agreed to the relief requested in Welch's' Motion to reimpose stay.

WHEREFORE Welch respectfully requests that the Court grant the following relief:

---

[11] See Blanton v. IMN Fin. Corp., 260 B.R. 257, 265, 2001 U.S. Dist. LEXIS 9984, *21-22 (M.D.N.C. 2001); Cline v. Quicken Loans Inc., 2011 U.S. Dist. LEXIS 72110, *18, 2011 WL 2633085 (N.D. W. Va. July 5, 2011); Browning v. Navarro, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984).
[12] In re ML Barge Pool VII Partners Series A, 71 B.R. 161, 15 Bankr. Ct. Dec. (LRP) 718, 4 Bankr. Rep (St. Louis B.A.) 3573, 16 Collier Bankr. Cas. 2d (MB) 484, 1987 Bankr. LEXIS 292 (Bankr. E.D. Mo. 1987), aff'd, 98 B.R. 957, 1989 U.S. Dist. LEXIS 4523 (E.D. Mo. 1989).

(a)      For the foregoing reasons, the Court should remand this case to the state court, or, in the alternative, abstain from hearing this case.

(b)      That, pursuant to 11 U.S.C. §§ 362 that the previous Relief Order is vacated or in the alternative that the Court impose a stay;

(c)      That, the Court DENY Peachtree's amended motion to dismiss as moot; and

(e)      That the Court grant Welch such other and further relief as is just and proper.

Respectfully submitted,

/s./Todd Lewis
Todd Lewis, Esq. DC Bar No. 497852
Kitsune Lyon, PLC
1007 N. Federal Highway, Suite 2005
Fort Lauderdale, FL 33304
(202) 550-9898
todd.lewis@tllgpc.com
*Counsel for Welch Family Limited Partnership Four and Nine*

**Certificate of Service**

I HEREBY CERTIFY that on the 24th day of April 2024, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing motion was served via ECF on:

\s\ Todd Lewis
Todd Lewis

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIRCHINGTON, LLC, | ) | Case No. 24-0036-ELG |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF MOTION FOR EMERGENCY MOTION TO REIMPOSE STAY

PLEASE TAKE NOTICE that Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine ("Welch") filed its **EMERGENCY MOTION TO REIMPOSE STAY** (the "Motion").

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant this Motion, on or before April 24, 2024, at 12:00 p.m., you or your attorney must:

1. File a written objection to the Motion, which should explain the reasons why you object, with the Clerk of the United States Bankruptcy Court at:

U.S. Bankruptcy Court Clerk's Office
United States Bankruptcy Court, District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001
Room 1225

If you mail your objection to the Court for filing, you must mail it early enough so that it will be received by the date it is due.

2.  You must also send a copy of your objection to:

> Todd Lewis, Esq.
> Kitsune Lyon, PLC
> 1007 N. Federal Highway, Suite 2005
> Fort Lauderdale, FL 33304

**A hearing on the Motion has been scheduled for April 24, 2024, at 1:00 p.m.**  The hearing will be held both in Courtroom 1, United States Courthouse, 333 Constitution Ave NW, Washington, DC 20001 and by Zoom for Government.  Parties should contact Aimee Mathewes (aimee_mathewes@dcb.uscourts.gov) for the Zoom information and should familiarize themselves with General Order 2023-01, *Order Establishing Hearing Protocols Before Judge Gunn.*

This 24th day of April, 2024.

Respectfully submitted,

/s./Todd Lewis
Todd Lewis, Esq. DC Bar No. 497852
Kitsune Lyon, PLC
1007 N. Federal Highway, Suite 2005
Fort Lauderdale, FL 33304
(202) 550-9898
todd.lewis@tllgpc.com

*Counsel for Welch Family Limited Partnership Four and Nin*

CERTIFICATE OF SERVICE

      This is to certify that on this 24th day of April 2024, I caused the foregoing Notice of Hearing regarding Welch's EMERGENCY MOTION IMPOSE STAY to be served by CM/ECF upon the counsel for all parties requesting notice.

/s./ Todd Lewis_____
Todd Lewis